AO 241                                                  Page 2
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: MIDDLE |
|---|---|
| Name (under which you were convicted): Marlone R. Brumfield | Docket or Case Number: |
| Place of Confinement: Louisiana State Penitentiary | Prisoner No.: 496966 |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
| Marlone R. Brumfield v. Darrly Vannoy | |
| The Attorney General of the State of Louisiana | |

### PETITION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: **22nd Judicial District Court. Parish of St. Tammany. 701 N. Columbia St., Covington, La., 70433**

   (b) Criminal Docket or Case Number (if you know): 567, 470

2. (a) Date of judgment of conviction (if you know): February 18th, 2017

   (b) Date of sentencing: November 15th, 2016

3. Length of sentence: Life and twenty years.

4. In this case, were you convicted on more than one count or more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: (Aggravated Obstruction of a Highway), count 1, (possession of cocaine,) Count two.

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty      ☐ (3) Nolo Contendere (no contest)

   ☐ (2) Guilty           ☐ (4) Insanity Plea

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. (b) If you entered a guilty plea to one count or one charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (e) If you went to trial, what kind of trial did you have? (Check one)

    ☐ Jury     ☐ Judge only

7. Did you testify at a pre-trial hearing, trial, or a post-trial hearing

    ☐ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

    ☐ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of Court: **Court of Appeal, First Circuit**

    (b) Docket or case number (if you know): **2017-KA-0080**

    (c) Result: **affirmed**

    (d) Date of result: **September 21, 2017**

    (e) Citation to the case (if you know): **State v. Brumfield, 2017-KA-0080**

    (f) Grounds raised: **unknown at this time.**

    (g) Did you seek further review by a higher state court?   ☐ Yes   ☐ No

    If yes, answer the following:

    (1) Name of court: **Louisiana Supreme Court**

    (2) Docket or Case number (if you know): **unknown at this time.**

    (3) Result: **affirmed**

    (4) Date of result (if you know): **June 15, 2018**

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know): **unknown at this time**

(6) Grounds raised: **unknown at this time.**

(b) Did you receive a hearing where evidence was given on your petition, application, or motion?

▨ Yes    ▨ No

If yes, answer the following:

(1) Docket or Case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Docket or Case number (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

▨ Yes    ▨ No

11. If your answer to 10 was "Yes," give the following information:

(a) (1) Name of Court:
    (2) Docket or case number (if you know):
    (3) Date of filing (if you know):
    (4) Nature of proceeding:
    (5) Grounds raised:

    (6) Did you receive an evidentiary hearing where evidence was given on your petition, application, or motion?
    ▨ Yes    ▨ No
    (7) Result:

    (8) Date of result (if you know):

AO 241                                                            Page 5
(Rev. 10/07)

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of Court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of proceeding:

        (5) Grounds raised:




        (6) Did you receive an evidentiary hearing where evidence was given on your petition, application, or motion?

        ☐ Yes     ☐ No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of Court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of proceeding:

        (5) Grounds raised:

AO 241  
(Rev. 10/07)

(6) Did you receive an evidentiary hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on any petition, application or motion?

(1) First petition ☐ Yes ☐ No

(2) Second petition ☐ Yes ☐ No

1.  
(3) Third petition ☐ Yes ☐ No

If ou did *not* appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supportin each ground.

13. *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Petitioner was denied a right to judicial review on direct appeal.

(a) Supporting facts (Do not argue or cite case law. Just state the specific facts that support your claim)

In this case, there are portions of the transcript that were not transcribed because it was an off the record bench discussion. Please see meorandum of law attach hereto.

(b) If you did not exhaust your state remedies on Ground One explain why:

AO 241           Page 7
(Rev. 10/07)

(c) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue: ☐ Yes ☐ No
    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through post-conviction motion or petition for habeas corpus in a state trial court?
    ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:
    Type of motion or petition: **Application for Post- Conviction Relief**
    Name and location of the court where the motion or petition was filed: **22 Judicial District Court, Parish of St. Tammany, State of Louisiana**

    Docket or case number (if you know): **567-470**
    Date of Court's decision: **September 17, 2019**
    Result (attach a copy of the court's opinion or order, if available): **See ruling attached hereto**

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
    (4) Did you appeal from the denial of your motion or petition: ☒ Yes ☐ No
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
    (6) If your answer to Question (d)(4) is "Yes," state:
    Name and location of the court where the appeal was filed: **Louisiana First Circuit Court of Appeal,**
    Docket or case number (if you know): **2019 KW 1414**
    Date of Court's decision: **March 13, 2020.**
    Result (attach a copy of the court's opinion or order, if available): **See Ruling attach hereto.**
    (7) If your answer to Question (d)(4) or Question (d) (5) id "No," explain why you did not raise this issue:

          Page 8
O 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** <u>The Statute Creating the Offense for which he was convicted and sentence is unconstitutional.</u>

(a) Supporting facts (Do not argue or cite case law. Just state the specific facts that support your claim):
<u>Aggravated Obstruction of a highway of commerce is unconstitutional being its vague overboard, ambiguous, and doesn't include interest in the statute.</u>

(b) If you did not exhaust your state remedies on Ground Two explain why:

(c) **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue: ☒ Yes ☒ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: **Application for Post-Conviction Relief**
Name and location of the court where the motion or petition was filed:: **22ⁿᵈ Judicial District Court, Parish of St. Tammany, State of Louisiana,**
Docket or case number (if you know):: **567,470**
Date of Court's decision: **September 17ᵗʰ, 2019**

Page 9

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition: ☒ ☒Yes
No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☒ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: **Court of Appeal, First Circuit**
Docket or case number (if you know): **2019 KW 1414**
Date of Court's decision: **March 13, 2020**
Result (attach a copy of the court's opinion or order, if available): **See ruling attach**
(7) If your answer to Question (d)(4) or Question (d) (5) id "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **Petitioner Apply for Supervisory review from the Louisiana Supreme Court, docket no: 2020- KH- 00632, denied November 4, 2020.**

GROUND THREE: The Court Exceeded Its Jurisdiction

(a) Supporting facts (Do not argue or cite case law. Just state the specific facts that support your claim)
**Petitioner contends that his conviction and sentence regarding the crime of aggravated obstruction of commerce is illegal and contrary and in conflict with La. C. Cr. P. Art. 872.**

Page 10

O 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three explain why:




(c) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue: ☐ Yes ☐ No
    (2) If you did not raise this issue in your direct appeal, explain why:




(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through post-conviction motion or petition for habeas corpus in a state trial court?
    ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): **567-470**
Date of Court's decision: **September 17th, 2019**
Result (attach a copy of the court's opinion or order, if available): **See ruling attach hereto**

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
    (4) Did you appeal from the denial of your motion or petition: ☐ ☒Yes
No
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
    (6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: **Court of Appeal, First Circuit**

Docket or case number (if you know): **2019 KW 1414**

Date of Court's decision: **March 13, 2020**

Result (attach a copy of the court's opinion or order, if available): **See ruling attach:**

AO 241  
(Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d) (5) id "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite case law. Just state the specific facts that support your claim)

(b) If you did not exhaust your state remedies on Ground Four explain why:

(c) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue: ☐ Yes  ☐ No
   (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
   (1) Did you raise this issue through post-conviction motion or petition for habeas corpus in a state trial court?
       ☐ Yes  ☐ No
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of Court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition: ☒ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of Court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d) (5) id "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

13.  Please answer these additional questions about the petition you are filing:

   (a)   Have all grounds for relief that you have raised in this petititon been presented to the highest state court having jurisdiction? ☒ Yes ☒ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them.

   (b)   Is there any ground in this petition that has been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them.

14. Have you previously filed any type petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241  
(Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney, who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: **Ernest E. Barrown III, 113 E. 23RD Ave., Convington, La., 70433**

    (b) At arraignment and plea: **same as above**

    (c) At trial: **said as above**

    (d) At sentencing: **same as above**

    (e) On appeal: **Louisiana Appellant Project**

    (f) In any post-conviction proceeding: **none**

    (g) On appeal from any ruling against you in a post-conviction proceeding: **none**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ NO

    (a) If so, give the name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future:  ☐ Yes  ☐ No

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2254 does not bar your petition.

AO 241 Page 15
(Rev. 10/07)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2254 provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)
AO 241
(Rev. 10/07)

(2) The time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: reverse petitioner's conviction and sentence and grant his a new trial or immediate release. or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare ( certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this petition for Writ of Habeas Corpus was placed in the prison mailing system on this 4th day of December, 2020.

Executed on 12-4-2020
(date)

Maurlone R. Brumfield
Signature of Petitioner

If any person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.



MARLONE R. BRUMFIELD #496966 LEGAL PROGRAMS DEPARTMENT
Louisiana State Penitentiary
Angola, Louisiana, 70712



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
777 FLORIDA St.
Baton Rouge, La.,
(electra filing)
page count 146



9114 9023 0722 4991 8282 58