IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARLONE R. BRUMFIELD                                    CIVIL ACTION NO:
    *Petitioner*

VERSUS                                                  FILED:_____

DARRYL VANNOY
LA. STATE PRISON                                        Deputy Clerk
    *Respondent*

## BRIEF IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS FILED PURSUANT TO 28 U.S.C., SECTION 2241 AND 2254

NOW INTO COURT comes, Petitioner Marlone R. Brumfiled, who respectfully present his arguments and reason herein as to why this Honorable United States District Court, Eastern District of Louisiana, should, after a full review of the record and pleadings contained herein, grant relief causing the Writ to be issued on his behalf and against Respondent ordering that his cause be remanded for 1) a new trial; 2) granted an evidentiary hearing or 3) he be released from unlawful custody. On behalf of petitioner's Petition for Writ of Habeas Corpus, he respectfully presents that:

### STATEMENT OF JURISDICTION

Under 28 U.S.C., Section 2241, federal courts have jurisdiction to entertain a state prisoner's habeas corpus petition if his confinement is the result of a violation of federal law. Further, jurisdiction arises under 28 U.S. C., Section 2254 (a); federal judges shall entertain habeas corpus application " on behalf of a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."

Therefore, this petition is respectfully filed into the United States District Court for the district in which petitioner was indicted, tried, unlawfully convicted and sentence.

1

## PROCEDURAL HISTORY

Petitioner was convicted by jury on February 18th, 2017 for allegedly committing the offenses of Aggravated Obstruction of a Highway of Commerce, and possession of cocaine. On November 15, 2016, a habitual offender hearing was held, in which petitioner was found to be a fourth-felony offender. Thereafter, the trial judge sentence petitioner under LSA- R.-S. 15:529.1 to the mandatory sentence of life as to count one (Aggravated Obstruction of a Highway) and twenty years at hard labor as to count two (possession of cocaine). The sentences were order by the trial court to be serve concurrently.

Petitioner appealed his conviction and sentence to the Louisiana's Court of Appeal, First Circuit. The Circuit Court affirmed petitioner's conviction and sentence on September 21, 2017. (No: 2017-KA-0080) Petitioner then sought Review from Louisiana's Supreme Court. On June 15, 2018, the Louisiana Supreme Court denied Review.

On July 29th, 2019, petitioner filed an Application for Post-Conviction- Relief with Memorandum of Law and exhibits into the 22nd Judicial District Court, Parish of St. Tammany, presenting constitutional violations that will be discuss below. On September 17th, 2019, the trial court denied relief. Petitioner Sought Supervisory Review from Louisiana's Court of Appeal, First Circuit. *State v. Brumfield, 2019 KW 1414*. The Circuit Court denied review on March 13, 2020. On April 8th, 2020, petitioner applied for Supervisory Review from the Louisiana Supreme Court. On November 4th, 2020, the Louisiana Supreme Court denied relief.

After reviewing the Procedural History of this case, it must be determine this Application for Writ of Habeas Corpus is timely filed.

2

## CONSTITUTIONAL VIOLATION

*1).*     *HAS THE STATE COURTS COMMITTED REVERSIBLE ERROR WHEN THEY MADE DETERMINATION OF FACTS AND EVIDENCE IN DISPUTE WHICH WAS CONTRARY TO AND/ OR INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINE BY THE SUPREME COURT OF THE UNITED STATES?*

### SUMMARY OF EVIDENCE

## A. Denied a right to judicial review on direct appeal.

### LSA-Const. Art. 1 § 19 provides:

No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived....

La. Cr.C.P. Art. 843 pertinently states:

In felony cases . .. .the clerk of court stenographer shall record all of the proceedings, including the examination of witnesses, statements, rulings, orders and charges by the court and objections, questioning, statements and arguments of counsel.

Moreover, in criminal proceedings the court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of the trial proceedings required by R.S. 13: 961 (C).

The Louisiana Supreme Court and the Untied States Supreme Court have made it clear that a criminal defendant has a right to a complete transcript of the trial proceedings particular where, as in this case appellant counsel was not counsel at trial. *State v. Boatner*, 03-485 (La. 12/3/03, 861 So.2s 149, 152).

Material omissions from trial court proceedings bearing on the merits on an appeal require reversal. *State v. Boatner*, 03-485 (La. 12/3/03, 861 So.2s 149, 153. However, "slight inaccuracy in a

3

record or an inconsequential omission from it which is immaterial to the proper determination of the appeals" does not require reversal of a conviction. Id., quoting *State v. Brumnfield*, 96-2667 (La. 10/28/98), 737 So.2s 660, 669, cert denied, 526 U.S. 1025 (1999); *State v. Parker*, 361 So.2d 226, 227 (La. 1978). A defendant is not entitled to relief of an incomplete record absent a showing of prejudice based on the missing portions of the transcripts. Id.

In this case, there are portions of the transcripts that weren't transcribed because it was an off the record bench discussion, see Exhibit-"A", pages 135,137,143, 157,159, 166,168,267,457,& 485-89. On pages 172,m 73,273, 290, off the record discussion were held but such was transcribed and did correctly and accordingly to the law and statute. Petitioner would like to point out on page 485, the court stated:

THE COURT

    Yes, Lets do the charge conference (court adjourned).

Petitioner represents and shows he wasn't present during said proceedings and such wasn't transcribed and made part of the appellant record. On the following day of trial (page 489 attached under Ex.- A) which states:

THE COURT

    Counsel, we went over instructions yesterday after court and made a few changes.

MR. MACKE

    No objection from the state, pursuant to the changes that were made at that pretrial conference or the charge conference.

MR. BARROW

    The only objection I had your honor is, and I asked for it was the off the record in chambers asked for a responsive to the Agg. Obstruction of a highway to be reckless operation. I believe it contains some of the lesser included facts, and I believe it would be appropriate to include it as a

4

responsive verdict to Agg. Obstruction. I know your Honor is not inclined to do that, but just note my objection.

Petitioner wasn't present, whatever went on during the charge conference should have been transcribed and made part of the appellate record, being such was did off the record in chambers. Petitioner can't challenge on appeal or post-conviction proceedings if his lawyer was ineffective at such conference or if any of his other constitutional rights were violated.

La.Cr.C.P. Art. 843 requires either the clerk of the court reporter to record all proceedings, including the examination of prospective jurors, rulings, objections, and arguments of counsel. In State Pinion, 06-2436 (La. 10/26/07), 968 So.2d 131, 134-35 (per curiam)(citations omitted), the Louisiana Supreme Court explained that "the failure to record bench conferences will ordinarily not affect the direct review process when the record suggest that the unrecorded had no discernible impact on the proceedings and did not result in any specific prejudice to the defendant.

As in *State v. Landry*, 97-499 (La. 6/29/990, 751 So.2d 214, 216, the record is grossly incomplete in several respects and the deficient record deprived the defendant of his constitutional rights of appeal and judicial review, Landry reaffirmed that "it is not the defendants obligation to ensure an adequate record....it is the duty of the court...to see that the court reporter makes a true, complete, and accurate record of the trial." 751 So.2d @ 216, citing in part La. Cr.C.P. Art. 17.

Petitioner represents and shows at one point the District Attorney had a discussion with one of the arresting narcotic agents, and such wasn't made part of the record. See Exhibit -A, last page which is transcript page 341, line 14-17, which provides:

THE COURT

I want you to discuss it with him now, and I'm sure you-all don't have any objection to that.

The trial was recessed, and I assumed at that time, the DA went discuss such with the officer. However, Petitioner, his lawyer, or the judge wasn't part of said discussion, and being such wasn't

5

transcribed and made part of the record, petitioner can't raise no claim or issue regarding such discussion. Such should have been made part of the appellate record. Whatever was discussed, counsel for petitioner had a right to be present.

Further, Petitioner represents and shows the appellate record didn't consist of any of the police reports regarding this matter or the affidavit of probable cause (See Ex.-B"), neither did said record contain any of petitioners Boykin transcripts regarding prior charges used to enhance his sentences see Ex.-"C". Petitioner represents he was prejudiced by such not being made part of the record, because he was denied error patent review, pursuant to La.Cr.C.P. Art 920(2), therefore, relief should be granted on this claim in its entirety.

B.   WHETHER THE PROSECUTOR KNOWINGLY USED FALSE TESTIMONY / INFORMATION TO OBTAIN A CONVICTION?

Petitioner avers that his constitutional rights by the United States Constitution 5th, 6th and 14th Amendment as well as the Louisiana Constitution Art. 1 § 13 and 16 were violated when the prosecution knowingly used false testimony or information to secure a conviction for the Aggravated Obstruction of a Highway of Commerce and Possession of Cocaine.

Petitioner avers that on June 10, 2019, he received a copy of his criminal file from his trial lawyer, Mr. Ernest E. Barrow, pertaining to his arrest, prosecution and conviction in this matters See Ex.-"D".

Petitioner contends that upon reviewing the documents in said file, he discovered a copy of his affidavit of probable cause, and several police reports, In the affidavit of probable cause, it clearly states:

"On Wednesday August 26, 2015, pursuant to a narcotics investigation it was learned Marlin Brumfield would be driving a white four door Nissan Titan and delivering promethazin with Codine (Schedule II) to an individual in the Wendy's parking lot located at 69340 Highway 21, Convington,

6

La."

Now at the Criminal trial in this matter Detective Scott Thomas testified at trial, that:

"Once he saw the vehicle description that we gave him that we were going to be in, he actually sent a text message to the cooperating individual asking who the white guy was with him."

Tr.p. 412.

So with that being testified to, under oath at trial, and in the affidavit of probable cause means the cooperating individual was in the parking lot. So, when detective Bart Ownby (T.p. 412), that the person was at the Sheriff's Complex such was a lie at trial, and perjured testimony at trial, and the prosecutor stayed mum and silent.

Further, detective Bart Ownby testified on trial p. 412 that:

"Detective, did the text message that you previously testified to in which the defendant said who is that white boy, is that what that text message said? Yes."

The only was that Det. Ownby and other detectives can say what the text message said, they either had to see said text, the only way that could have happened, if the cooperating individual was in the car with the detectives at the Wendy's parking lot, which shows and proves all detectives that testified to such at trial, lied under oath and perjured themselves. Petitioner never text-ed anyone he called the guy on his cell phone so that is why they could not retrieve any text off petitioner's phone or the so called cooperating individual phone.

Next perjury issue deals with the state allowing the detectives at trial calling the C.I. Cooperating individual a confidential informant. Although both words starts with a C/I, both words meant the same, and doesn't have the same meaning. Please see Tr.p. 335, which states:

A.   "We were working with the individual from a separate incident who determined he was going to cooperate with us and he subsequently led us to Mr. Brumfield.

Q.   It there a certain terminology for that individual?

7

A.    That's going to be a "cooperating individual."

A confidential informant is an unknown person who informs against another or a person who makes a practice esp. for money or informs police of others criminal activity and has been reliable in the past. At the trial of this matter, confidential informant was stated several times, see Tr.p. 322, 414, 417, 502, & 511. The prosecutor even referred to this guy as a confidential informant in his opening arguments (Tr.p. 322). Clearly, this guy should not have been called a confidential informant, when he wasn't one. Please see trans. p. 156, which states:

"Well, we was attempting to make a traffic stop to determine, to investigate further if we were wasting time or we were actually –if this guy was giving us good information."

The police themselves knew this guy wasn't reliable. Obviously he wasn't a confidential informant, because they wouldn't have referred to him as being a cooperating individual, they would have known he was reliable and credible. Again, the prosecutor never said one word, when such was stated at trial.

Next issue the petitioner would like to point out, several detectives testified at trial, when the petitioner was apprehended he immediately stated: "I will give you anybody you want." (Tr.P. 354)

Said statement is not true and perjured testimony. If said statement was true, why didn't the officers allow petitioner to do the very same as the cooperating individual was doing to the petitioner? The officers clearly stated that they were investigating Narcotics in St. Tammany Parish. So if they use a small fish to catch a medium fish, why not use a mid-level dealer to catch a King Pen ? Such was never the intentions of said officers. The intentions of the officers was to arrest the petitioner and send him to prison for life, being the officers were upset, that petitioner was a black man, dating a white female.

The state cannot contend these officers did not testify falsely in this case, because the record shows otherwise, and the use of perjured testimony violated clearly established law in accordance with

8

such cases as: *Napue v. Illinois*, 360 U.S. 264 (1954); *Pyle v. Kansas*, 317 U.S. 213 (1942); *Mooney v. Holohan*, 294 U.S. 103 (1935). In *Napue*, the Supreme Court held:

"Convictions obtained through the use of false testimony known to be such by representatives of the state is a denial of due process, and there is also a denial of due process when the state though not soliciting false evidence allows it to go uncorrected when it appears."

The material fact in this knowing use of perjury is evident. Petitioner's allegations are apparently true, as can bee seen from the exhibits and the trial testimony. Any reasonable court official should have known to allow these witnesses to testify falsely is shameful and violates Petitioner's constitutional rights. This court can find that the genuine issues of fact exist, that those particular state witnesses testified falsely, and the attached documents and trial records clearly established these reports were used to bring charges against petitioner. It would prove that the officers have filed false reports and false information to have charges brought against petitioner.

Petitioner further contends that he suffered prejudice due to these police witnesses committing perjury and testifying falsely. Had the witnesses not committed perjury or testified falsely, petitioner would not have been convicted. The testimony of these witnesses were the only testimony (evidence) that was vital to the petitioners case. The jury relied upon their testimony in reaching a verdict. Had the jury been made known of these witnesses perjury (untruthfulness) there would have been a different outcome. Petitioner submit that his conviction and sentence be reversed on the prosecution knowing use of false or perjured testimony. Being that the prosecutor made the jury aware of the fact no nuns were in that van. Please be advised that is the sole and only time the state pointed out a lie to the jury. See Tran.p. 494 which states:

"And I know some of you have probably heard one of the officers testimony that were nuns and then the deacon came and said, oh, it was me and my wife."

The above is what is required by law, and should have been did each time when such occurred

9

at this trial, but wasn't therefore, relief should be granted in its entirety.

C.      Whether law enforcement and the district attorney discriminates against the Black, African-American Race in St. Tammany Parish?

Petitioner represents and shows race plays a major factor in St. Tammany Parish when a person is arrested and prosecuted. African-American (black), males are discriminated when arrested. A black male more then likely will be over-charged for violating the laws in said parish. However, a white male with the same record more likely won't be arrested, and he has violated too. If he is arrested, he would be arrested for a lesser crime than the black male, which is unconstitutional.

Petitioner further represents and shows its unfair and offensive and discriminatory practices for a black defendant charged with a crime, be charged as a habitual offender when they exercise constitutional rights to a trial and get convicted. However, when a white male or white person exercises their rights to trial in St. Tammany Parish, and get convicted they don't get prosecuted as a habitual offender, and their record is 10 times worse than a black defendants record. Such has been the practice in St. Tammany parish for several years. Article 61 states:

"Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every prosecution instituted or pending in his district, and determines whom, when and how he shall prosecute."

Petitioner represents and shows he would like to propound discovery on the district attorney for the parish of St. Tammany Parish for the last 10 years for further support his claim. Said discovery will clearly show blacks are discriminated against and receive harsher sentences that white offenders. Therefore, once discovery is completed, petitioner would like to supplement this claim, and other claims. To deny petitioner to propound discovery would be stopping petitioner from proving his claim. Also, such would be denying him due process and equal protection of the laws which is forbidden by the United States Constitution, Amendment 14. Petitioner further represents and shows this honorable

10

court and other judges within St. Tammany Parish may be called to court to testify regarding this claim, which may cause for all judges within the 22nd Judicial District Court to rescue themselves from this case, and have the Louisiana Supreme Court, to appoint a retired judge to handle all future proceedings in this matter, as it pertains to this instant application for post-conviction relief, as it pertains to petitioner.

## LAW AND ARGUMENT OF CLAIM 2

### THE STATUTE CREATING THE OFFENSE FOR WHICH HE WAS CONVICTED AND SENTENCED IS UNCONSTITUTIONAL

Aggravated Obstruction of a Highway of Commerce is Unconstitutional being its vague, overboard, ambiguous, and doesn't include interstate in the statute.

As a general matter, a statute is presumed to be constitutional, and the burden of showing otherwise falls to the challenger. *State v. Muschkat*, 706 So.2d 429. Further, criminal statutes are given a genuine construction according to the fair import of their words, taken in their usual sense, in context, and with reference to the purpose for the provision La. R.S. 14:3; *Muschkat*, 706 So.2d @ 432; *State v. Griffin*, 495 So.2d 1306, 1308 (La. 1986). Additionally, when the constitutionality of a statute is at issue, and under one construction it can be upheld, while under the other it cannot, a court must adopt the constitutional construction. *State v. Lecompte*, 406 So.2d 1300, 1311 (La. 1981). Therefore, a court may avoid constitutional problems by adopting a narrowing construction of the statute as long as that interpretation remains consistent with the overall purpose behind the legislation. *Muschkat, Supra.*, (stating "[W]hile we recognize our duty to interpret statutes in a manner consistent with the state and federal constitutions, we may only preserve a statue by a constitutional construction provided that the saving construction is a plausible one.") (Citation omitted). In addition to criminal statutes being strictly and narrowly construed, any ambiguity must be resolved in favor of the accused. *State v. Williams*, 800 So.2d 790; *State v. Carr*, 761 So.2d 1271.

11

Petitioner represents and shows within the current statutory criminal law and procedure it states each and every offense except for R.S. 14:96. Whereas, the alleged conduct is not allowed by statute is clearly spelled out. However, R.S. 14: 96 is unconstitutional because it does not spell out what conduct is a violation of the statute. A citizen can not be arrested for violating state laws when the law is as vague as R.S. 14:96, because a citizen cannot reasonably understand the conduct, citizens cant be punished or arrested, unless they have been given advance "fair notice" of the action they charged with is prohibited. The prohibited description must be clear and not vague. Citizens should not be made to abide by laws that they have not been informed of. The criminal statute defines R.S. 14:96, as follows:

"Simple Obstruction of a highway of commerce is the intentional or criminally neglect placing of anything or performance of any act on any railway, railroad, navigable waterway, roadway of an air port, wherein it is foreseeable that human life might be endangered."

Being that performance of "any act" is too broad, uncertain, vague, and ambiguous. The citizens do not know what conduct they are being arrested for. This allows law enforcement to make rules as they go or as incidents arise. Legislature can not make a rule or law, that conflicts with state and federal law or the Louisiana and United States Constitution. If a citizen as myself, was aware that the act or actions were a crime or a violation of the law, there is a very strong probability they would have not done the violation. By having such a vague law when law enforcement can not charge a citizen with a certain violation they use the statute R.S. 14:96, which is a catch-all, and is illegal, unlawful, and unconstitutional. Especially, in the petitioner's case. He should have been charged with speeding, hit a run, flight from an officer, running a red light or two, which all are misdemeanor offenses which carries no more than 6 months (non-felony).

According to the statue as it is currently written, anybody who is speeding, driving reckless, runs a red light or stop sign, throws trash out of the window while driving, a person who crosses the road or highway walking really slow and a car must swerve or leave the highway from hitting that

12

person, all could be charged under this unconstitutionally broad statute (R.S. 14:96). Even a mother or parent whom allows their young child to walk across the roads or highways, and a car almost hit the child, and must leave the highway to keep from hitting said child. Petitioner can go on and on but will stop here, the law is vague and nobody shouldn't have to guess or wonder if or if not their actions constitute a crime.

Now if, and I say only if this Honorable Court does not find R.S. 14:96, to be unconstitutional, such is unconstitutional as it is applied to the petitioner in this instant case, being interest is not part of the criminal statute. Further, because Louisiana has a stand your ground law, which gives a person the right to use deadly force if he fears for his life or to stop an intruder. All officers testified at trial, petitioner hadn't broken any laws when they tried to box him in their unmarked car. So at that point, petitioner feared for his life, and had the right to kill, but instead, he fled the scene, at a high rate of speed being being he was scared, afraid, and out of his mind thinking several white men were out to kill him and kidnap him, especially since none of the policemen had their lights or sirens on when they tried to block him in, when the chase first started. Please see transcript page 385, lines 15-21, which states:

"My practice is being an unmarked, I know people don't really recognize my truck to be a police vehicle. They may not see the light because they are more directed to the front and not the side, so I typically slow or stop, if I have to at every intersection and make sure I don't injure someone or get injured."

Now, the state of Louisiana is trying to hold the petitioner to a higher standard than everyday citizens. If citizens of this state, and St. Tammany Parish can't recognize and determine an unmarked police car with flashing lights and sirens on, what makes the petitioner so different, that he suppose to recognize such? Petitioner urges this honorable court to find such unconstitutional as it pertains to petitioner's case, under these circumstances being he was out of his mind, afraid being he thought he

13

was about to be killed by these unknown white men.

## CLAIM NO. 3
### THE COURT EXCEEDED ITS JURISDICTION

Petitioner contends that his conviction and sentence regarding the crime of aggravated obstruction of a highway of commerce is illegal and contrary and in conflict with La. Cr.C.P. Art. 872, which states: "A valid sentence must rest upon a valid and sufficient:

(1) Statute;

(2) Indictment; and

(3) Verdict, Judgment, or plea of guilty."

Petitioner represents and shows his conviction and sentence are invalid, and the trial court didn't have jurisdiction to proceed to trial regarding count-1, in this matter. In order for trial and its verdict and judgment to be valid it is essential that the indictment it is based upon be itself valid. The judge therefore had no authority or legal power to sentence petitioner as to count one. There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. *State v. Soileau*, 138 So.92 (1931), recognizes the jurisdictional requirements by making a valid and sufficient indictment a prerequisite for a valid sentence.

Although petitioner was charged by a bill of information rather than by indictment, the law is the same as it pertains to both. An indictment must contain every element of the charged offense to pass constitutional muster. This is because "[t]he Sixth Amendment guarantees every defendant the right to be informed of the governments accusation against him." The district court should have observed that count 1 failed to allege that the state failed to charge the petitioner with a crime in count 1 of the bill of information, Exhibit-E which states:

"Count-1, R.S. Aggravated Obstruction of a Highway, Marlone R. Brumfield, on or about August 26, 2015, by the intentional or criminally neglect placing of anything or performance of any

act, on any railway, railroad, navigable waterway, road, way of an airport, wherein it is foreseeable that human life might be endangered."

Please note, "of commerce" is not within the information but is included in the statute of said offense. Such does not charge a crime / offense, the prosecutor merely recited the statute as is written in the criminal code, which is incorrect. Petitioner has enclosed a bill of information which was filed, against him in his previous charges, see Ex- "F" which is the correct way to file a bill of information. The petitioner represents and shows he was prejudiced in preparing a defense in this matter. The statute does not include "interstate" in the wording of said statue. Petitioner represents and shows if he did violate any laws, it would be on the interstate. However, since interstate is not part of the statute itself, petitioner didn't and couldn't violate said statute. Clearly, when the state didn't include in the bill of information what unlawful act petitioner committed.

Now the prosecutor is a very smart and intelligent individual whom went to law school and pass the bar to be a lawyer. Also has filed many bills of information within the 22nd Judicial District Court, therefore this honorable court shouldn't allow the state to use mistake or ignorance of the law, for not filing a proper bill of information. If the defendant cant use mistake or ignorance for a defense for breaking the law, the state shouldn't be allowed to use such when prosecuting the law.

Being Count -1, neither contains every element of the offense charged under R.S. 14:96, nor refers with sufficient specificity to the alleged act committed by petitioner, the bill of information did not allege

a cognizable offense and the trial court neither the state had jurisdiction to proceed to trial on said charges, therefore, relief should be granted in its entirety on this claim pursuant to *U.S. v. Cabera-Teran*, 168 F.3d 141 (C.A. 5 Cir. 1999).

## LAW AND ARGUMENT CLAIM NO. 4

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Generally, an ineffective assistance of counsel claim must be appropriately addressed through an application for post conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. *State v. Jones*, 13-19 (La. App. 5 Cir. 8/27/13), 123 So.3d 758, 765, See *State v. Hartshorn*, 09-47 (La. App. 5 Cir. 11/10/09), 25 So.3d 172, 181., writ denied, 09-2654 (La. 6/4/10), 38 So.3d 298.

Under the Sixth Amendment to the United States Constitution and Article 1 § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. McDonald*, 04-550 (La. App.5 Cir. 11/16/045), 889 So.2d 1039, 1042, writ denied, 04-3088 (La. 4/1/05), 897 So.2d 599. A claim of ineffective assistance of counsel must satisfy the two pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Dabney*, 05-53 (La. App. 5 Cir. 6/28/05), 908 So.2d 60, 63.

Under the *Strickland v. Washington* test, the defendant must show: 1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under the professional norms; and 2) that the deficient performance prejudiced the defense. *State v. Dabney*, 05-53, 908 So2d at 63(Citing *Strickland*,466 U.S. at 687, 104 S,Ct. At 2064). This requires showing that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. Id. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the out come. Id.

A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Id. There is no precise definition of reasonably effective assistance of counsel, so any inquiry into the effectiveness of

16

counsel must be specific to the facts of the case, and must take into consideration the counsel's perspective at the time. *State v. LeCaze*, 99-0584(La. 1/25/02), 824 So.2d 1063, 1078-79, cert. Denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed. 2d 110 (2002). The Sixth Amendment does not guarantee error-less counsel or counsel judged ineffective by hindsight. Id.

Petitioner represents and shows his counsel was ineffective at trial when he did not move for a mistrial. At trail on transcript page 340 & 341, which states:

BY MR. MACKE

Q.   You may continue.

A.   "Once he sent that text message, we had a good idea that that's who was going to be in the vehicle. And one of the other detectives has dealt with him on numerous other occasions and actually know him personally through previous arrests. And once that detective, saw him he said that's who it is and that's when we knew - -

MR. BARROW

I'm going to object. That's hearsay. Although counsel lodged an objection, he should have requested a mistrial at that moment. Once the bell has rung, you can not take away the sound. La.C.Cr.P. Art. 775 provides that the trial court shall grant a mistrial when prejudicial conduct in or outside of the court room make it impossible for the defendant to obtain a fair trial. Being counsel did not request for a mistrial, the court could not grant a mistrial. However, the judge immediately knew that the Petitioner would be prejudiced and could not receive a fair trial at that point. So what does the judge do ? Still on trial page 340, line 15-31, which states:

THE COURT

I'm going to sustain that objection. I'm going to admonish the jury not to consider the last answer at all. Don't consider that at all, okay ?

I want to take a short recess. Ladies and gentlemen, if you would just step out, it's not going to be more than two minutes. Okay.   (JURY EXITS)

THE COURT

17

Be seated, counsel, I'm going to give you an opportunity to speak to your client - - to your witness and advise him that prior arrests are not something that can be gone into, and I need you – all to make sure that other witness understand that that's totally improper.

Trial Transcript page 341, which provides:

THE COURT

I don't think in this case it was done maliciously, and I have admonished. But I'm going to admonish it now and make sure that it doesn't happen again.

Petitioner represent and shows the court in its decision to admonish knew Petitioner was prejudiced, but since he said: 'I don't think in this case it was done maliciously," he allowed the trial to continue. However, the statute does not require if it was did intentionally or unintentionally or maliciously or not, the statue says if the prejudice conduct make it impossible for the defendant to obtain a fair trial.

Now, defendant wanted to testify and catch the stand at his trial, however, he refused to do so, being other arrest and convictions would come before the jury and they would use such to convict on this instant charges he stood trial for, so other arrest and numerous run-ins with law enforcement prejudiced the petitioner before the jury, and made it appear as if the petitioner was a straight up out-law and bad person, and the jury would convict on such, without even considering any further evidence or testimony adduced at trial.

Now the State of Louisiana also knew that petitioner was prejudiced too, please continue trial transcripts page 341, lines 7-13, which provides:

MR MACKE

And the judge, the state just wants to put on the record that this individual is not the narcotic agent that does know Mr. Brumfield from the prior arrest, and we did speak with that individual any my apologies to the court for that.

A apology to the court does not cure that defect, only a mistrial would have done so. Now, what is more prejudiced to the petitioner, at no time whatsoever did his lawyer or the state make a request for the judge to even admonish the jury. La. Cr.C.P. Art. 771 which provides in part:

In the following cases, upon the request of the defendant or the state the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument withing the hearing of the jury when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:

(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Art. 770.

In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.

In this case, if the trial court himself, went beyond the statute and law to admonish the jury without being asked by either party, the trial court obviously felt like the petitioner was prejudiced. The trial court even felt the need to talk to the witness and admonish the jury twice in this matter. Still on trial transcript page 341, lines 14-30, which provides:

THE COURT

    I want you to discuss it with him now, and I'm sure you all don't have any objection to that.

MR. BARROW

    No, you honor.

THE COURT

    Take about a two minutes. (Recess taken).

THE COURT

    Let's return the jury. (JURY ENTERS).

19

THE COURT

      Be seated please. I just want to re-emphasize and admonish again not to consider anything in that prior answer.

By the trial court putting further emphasis on the jury not to consider the prejudicial testimony and evidence of prior arrest and dealing with the petitioner such prejudice the petitioner and counsel was ineffective for not requesting a mistrial.

Next reason why counsel was ineffective during these proceedings because counsel brought race into his trial, and petitioner was on trial with an all white jury, except for one juror whom appeared to be half white. Counsel at trial stated on transcript page 331, that:

"In fact, Mr. Brumfield was getting a hamburger at Wendy's when four, at least four, burley white guys, late at night, in some ragged out cars with lights decide to chase him."

Such was not sound trial strategy, and inflame the jury and prejudice the petitioner in the eyes of the jury. If the jury had considered finding the petitioner not guilty, once petitioner's counsel brought race in the trial, all defendant's chances of being found not guilty vanished. It wasn't no longer about the trial, the evidence, the testimony, it then became a race issue, being counsel had insulted the white jury, by alleging that their race of people jumped out on a black man, such prejudiced the petitioner, and had race not came before the jury as it did, petitioner would have been found not guilty at trial in this matter.

Now the next reason why counsel was ineffective in these proceedings, because at trial, he stated on transcript page 288, lines 12-18, which provides:

"Now, I know a lot of you, and I am too concerned about our budget situation. And I know a lot of you have probably been reading a lot about what—where we can cut, about how Louisiana has the highest incarceration rate per capital in the country.

The above statement prejudiced the petitioner before the jury at trial. First of all, the above

20

mentioned is not related to this case in any way whatsoever. Further, by counsel talking about high incarceration rate in Louisiana, he is basically saying that my client is guilty as charged, no need for a trial in this matter, but don't convict him to make the incarceration rate one more person on the already high rate. Once the jury had heard such, it had already determined petitioner was guilty as charged. No lawyer in his right mind would tell the jury his client is guilty but, this lawyer did such, making him totally ineffective at trial, which resulted in prejudice to petitioner, and led him to being convicted.

Next reason why counsel is ineffective in these proceedings, because trial transcript page 333, lines 15-20, which trial counsel stated:

"And knowledge that he had the cocaine on him is an element of the crime. If you find that he had the cocaine on him and that it was cocaine, then I put it to you, he had no idea it was there.

Said argument is without merit, and it prejudiced the petitioner at trial before the jury. At the trial on the merits several officers got on the stand and testified that he found the cocaine in a cigarette pack, on the petitioner's person. Counsel has committed a fraud upon the court and the jury, which made the jury look at counsel and defendant is a totally different light. The jury concluded if counsel went to the point to lie for defendant, the defendant had to be guilty of both charges being counsel was trying to fool and trick the jury. Had counsel not tried to trick and fool, lie, or commit a fraud upon the jury, he would have been found not guilty at trial.

Next reason why counsel was ineffective during these proceedings for the reasons stated in claims two and three of this application for post conviction relief, and claim 1(b) no competent attorney or no attorney in his right mind would allow his client to go to trial, and the trial court didn't have jurisdiction to proceed on one of the charges, or allow the prosecutor to use perjured testimony and information, or an unconstitutional charge / offense, said actions clearly prejudiced petitioner at trial.

Finally, petitioner represents and shows counsel was ineffective in these proceedings because he filed several different motions in this matter, and not one of said motions or pleadings are a motion to

21

quash, based on the statute being unconstitutional or the bill of information doesn't list the elements of the crime or the elements which constitute a crime within the statute. Said bill of information was defective and such prejudiced petitioner at trial. Had counsel filed a per-trial motion to quash, the outcome would have been different, therefore, relief should be granted on this claim in it entirety. Accumulative, all of defense counsel's errors amount to a denial of effective assistance of counsel during per-trial, and during trial in this matter.

**Witnesses addresses and names who could testify in support of my claims.**

#### Claim 1 (A)

Ernest F. Barrow, III 113 E. 23rd Ave., Convington, La. 70433; Frederick H. Kroenke, Jr. 707 Rapides Street, Baton Rouge, La. 70806; Rachel Yezbeck 701 Loyola Ave., Ste. 404, New Orleans, La. 70113; The Three Judge Panel of the Court of Appeals, First Circuit Court of Appeals, whom heard said appeal, Baton Rouge, La.; Marlone Rashen Brumfield, Louisiana State Prison, Angola, La., Court Reporter, Theresa Trapan, Courthouse, Convington, La; and this case, Courthouse, Convington, La. Plus the record transcript of the trial proceedings.

#### Claim 1 (B)

Asst. District Attorney, Kilion and Macke, both at Courthouse in Convington, La. Plus the record transcript of the trial proceedings. Marlone R. Brumfield La. State Prison; Attorney Ernest E. Barrow III, 113 E. 23rd Ave., Convington, La. 70433; and all police officers whom testified at trial, being that I am incarcerated and I don't have their addresses.

#### Claim 1 (C)

The Sheriff and district attorney of St. Tammany Parish, Courthouse in Convington, La; Marlone R. Brumfield, Louisiana State Prison, Angola, La; Whatever discovery the state provides to petitioner in this matter, Attorney Ernest E. Barrow, III 113 E. 23rd Ave., Convington, La. 70433.

#### Claim No. 2

22

The Louisiana Legislatures, State Capital, 22nd Floor, Baton Rouge, La. 70809, Marlone R. Brumfield, La. State Prison, Angola, La 70712, and all judges over this case, Courthouse, Convington, La. 70433;

### Claim No. 3

The District Attorney whom prosecuted this case, Courthouse, Convington, La. Marlone R. Brumfield, La. State Prison, Angola, La 70712; Ernest E. Barrow, III 113 E. 23rd Ave., Convington, La 70433;

### Claim No. 4

Marlone R. Brumfield, La. State Prison, Angola, La 70712; Ernest E. Barrow, III 113 E. 23rd Ave., Convington, La. 70433; The trial transcripts and appellant record, will best support this claim, plus the court reporter and clerk of court both located at the Courthouse in Convington, La.

## CONCLUSION AND PRAYER

WHEREFORE, petitioner pray that this Honorable Court reverse this conviction and sentence and order the State's court to either re-try petitioner in 90 days or release him from custody.

Respectfully Submitted,

Marlone R. Brumfield

Marlone Rashen Brumfield # 496966
CBC, L/R Cell # 8
Louisiana State Prison
Angola, La. 70712

## CERTIFICATE OF SERVICE

I_____, have mailed a copy of this Application for Writ of Habeas Corpus with Memorandum of Law attached to THE Office of the District Attorney for the Parish of St. Tammy by placing same in the hands of the Classification Officer for this unit to be mail in accordance with the Department of Correction rules for mailing indigent legal mail. Done this _____ day of _____, 2020.

Marlone A. Brumfield
Marlone Brumfield

24